**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Jason M. Conners : | CHAPTER 7 |
| xxx-xx-4568 : | |
| Kelly A. Conners : | |
| xxx-xx-2337 : | CASE NO. 18-13269-JKF |
| 9310 Neil Rd. Unit B : | |
| Philadelphia, PA 19115 : | |
| : | |
| Debtors : | ADVERSE NO. |
| : | |
| JLC South LLC d/b/a : | |
| Commission Express : | |
| 1 Church Street : | |
| P.O. Box 301 : | |
| Oldwick NJ 08858 : | |
| : | |
| v. : | |
| : | |
| Jason M. Conners : | |

**COMPLAINT**

**I. INTRODUCTION**

1. The instant complaint is filed by creditor JLC South LLC, doing business as Commission Express, to determine the dischargeability of a certain debt or obligation owed by the Debtor Jason M. Conners to the Plaintiff and to deny Jason M. Conners a discharge under 11 U.S.C. 727 for violation of 11 U.S.C. §727(a)(2),(4),(5), and (7) and any other applicable provisions of the Code. Additionally, the obligations of the Debtor to the Plaintiff should be deemed non-dischargeable under 11 U.S.C. §523(a)(2)  and any other applicable parts of the Code.

## II. JURISDICTION

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 727. This matter is a core proceeding pursuant to 28 U.S.C. §157. However, in the event that any aspect of this case is determined to be a non-core proceeding, than and in that event, Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

## III. PARTIES

3. The Plaintiff is JLC South LLC, a New Jersey limited liability company having it's office for the conduct of business at 1 Church St., Oldwick New Jersey, and doing business as Commission Express.

4. The Defendant is Jason M. Conners, an individual believed to reside at 9310 Neil Rd., Unit B, Philadelphia, PA 19115. The Defendant is a debtor in the instant Chapter 7 case.

5. The Trustee is Terry Dershaw, Esquire, Interim Chapter 7 Trustee for the United States Bankruptcy Court for the Eastern District of Pennsylvania, and Trustee in the Defendant Debtor's Chapter 7.

## IV. ALLEGATIONS OF FACT

6. The Defendant debtor is a real estate agent for, and a member of, an agency known as "Legacy RE LLC" (Debtors' Schedule I; Debtors' statement of financial affairs). The address of this agency is not stated in either document.

7. The Plaintiff is in the business of advancing funds on

realtor commissions. The Plaintiff makes agreements with real estate agents whereby the Plaintiff will, in effect, purchase an assignment of the real estate agent's receivables. The "receivables" are the expected commissions to be earned by each individual realtor on specific signed real estate sales agreements.

8.   On or about May 18, 2017 the Plaintiff and the Defendant did enter into an agreement whereby the Plaintiff did agree to purchase certain accounts receivable from the Defendant by way of assignment of those receivables from time to time. This agreement also granted to the Plaintiff a security interest in all of the Defendant's current and future accounts receivables and other such assets. A copy of that agreement is attached hereto and incorporated herein as Exhibit "A".

9.   Pursuant to and under the terms of that agreement, on or about December 8, 2017 the Defendant did assign to the Plaintiff the commission on the sales contract dated December 6, 2017, for a property situate at 7109 Rising Sun Avenue, Philadelphia PA. A copy of that document is attached hereto, incorporated herein, and marked as Exhibit "B".

10.  Pursuant to and under the terms of that agreement, on or about February 5, 2018 the Defendant did again assign to the Plaintiff the commission on the sales contract for a property situate at 7109 Rising Sun Avenue, Philadelphia PA. A copy of that document is attached hereto, incorporated herein, and marked

as Exhibit "C".

11. As a part of that agreement, the Defendant did also agree that, should settlement not occur on that matter, then the obligation would be repaid with thirty days of the settlement date.

12. As a part of his agreement with the Plaintiff, Defendant agreed to notify the Plaintiff of any changes in settlements or replacement settlements.

13. Debtor Defendant failed to do so.

14. The Debtor Defendant did default on the agreement with the Plaintiff.

15. A meeting of creditors per 11 U.S.C. §341 was held before Terry P. Dershaw, Esquire, Chapter 7 Trustee, on June 14, 2018. The Debtors were present; most of the answers were given by the Defendant.

16. At the meeting of creditors the Debtor Defendant admitted that he was a party to at least two real estate listing agreements from which he would presumably receive commissions.

17. The Debtors did not list any such agreements or receivables in their schedules.

18. At the 341 Meeting the Defendant Debtor acknowledged that he has received other income from receivables for providing Broker Price Opinions ("B.P.O.s") to lenders.

19. At the 341 Meeting the Debtor, through counsel, did acknowledge that the assignment was valid.

20.  Debtor now disputes validity of the assignment.

21.  On December 8, 2017 the Defendant Debtor did state in writing to the Plaintiff that the Defendant had not authorized anyone to file a UCC statement against the Defendant other than the Plaintiff. Said document, a certification dated 12/8/2017 is attached hereto, incorporated herein, and marked as Exhibit D.

22. On February 5, 2018 the Defendant Debtor did execute a certification stating that he had not authorized anyone to file a UCC financing statement against him other than the Plaintiff. See Exhibit C, attached.

23.  In the master security agreement between the parties (attached hereto as Exhibit "A"), the Defendant debtor did grant the Plaintiff a security interest in all of Agent's right, title and interest in and to Agent's future accounts receivable, general intangibles, accounts, contract rights, leases, chattel paper and other rights..." (Exhibit A, p. 2, paragraph 5).

24.  Despite such assurances and assignments, the Defendant Debtor did grant a UCC 1 to a competitor of the Plaintiff, a firm called Ecommission Financial Services, Inc., on or before March 27, 2018, with a UCC 1 being filed by said Ecommission Financial Services, Inc. on said date. A copy of the printout from the Pennsylvania Department of State showing such UCC 1 filing is attached hereto, incorporated herein, and marked as Exhibit "D".

25. While the Debtor Defendant did deny making such assignment to Ecommission Financial Services, Inc., (He blamed that upon his mother and business partner), he acknowledged that he did sign the agreement and documents doing so.

26. Thus the Defendant Debtor made material misrepresentations to the Plaintiff to induce the Plaintiff to advance funds, and/or did use false pretenses, false representations, and/or actual fraud to secure funds from the Plaintiff, and did engage in fraud while acting in a fiduciary capacity or larceny.

27. The Debtor Defendant did fail to disclose assets which, if they did not belong to the Plaintiff, would be property of the estate, nor are the transactions referenced in the Statement of Financial Affairs.

## V. DENIAL OF DISCHARGE

28. The allegations of paragraphs 1 through 27 of this Complaint are incorporated herein by reference.

29. For the foregoing reasons the Defendant Debtor should not be granted a Discharge under 11 U.S.C. §727. As the Defendant Debtor appears to have deliberately failed to disclose assets of the estate.

30. Additionally, or in the alternative, the debt to the Plaintiff Commission Express owed by the Defendant Debtor should be deemed non-dischargeable under 11 U.S.C. §522(a)(s), since said debt was obtained by fraud, false pretenses, and/or false representation.

WHEREFORE, Plaintiff prays this Honorable Court DENY the Defendant Debtor a Discharge under 11 USC §727, and find that the claim of the Plaintiff against the Defendant is non-dischargeable under 11 USC §522(a)(2).

Respectfully submitted,

Dated: September 11, 2018        /s/Michael W. Gallagher
MICHAEL W. GALLAGHER, ESQUIRE
401 West Johnson Highway
Suite 4
East Norriton PA 19401
(484)679-1488
(610)365-7919 Fax
mwglaw@msn.com
Attorney for Debtors